IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Steven S. Kuhn, II,**

   **Plaintiff,**

v.                   Case No. 04-2229-JWL

**Ameriquest Mortgage Co.,**

   **Defendant.**

## MEMORANDUM AND ORDER

This matter is presently before the court on defendant's motion to dismiss and to lift stay (doc. 40). For the reasons set forth below, defendant's motion is granted and plaintiff's case is dismissed.

On December 1, 2004, the court granted defendant's motion to compel arbitration and stayed further proceedings in this case pending completion of the arbitration process. On June 6, 2006, defendant moved to dismiss plaintiff's complaint and to lift the stay on the grounds that plaintiff did not make a demand for arbitration within the time period set forth in the pertinent arbitration agreement and, thus, the arbitration process has been terminated by plaintiff's inaction. Plaintiff did not file a response to defendant's motion within the time period provided in Local Rule 6.1(e)(2). Thus, the court could have considered and decided the motion as an uncontested motion and could have granted the motion without further notice to plaintiff. *See* D. Kan. R. 7.4. Nonetheless, in an abundance of caution, the court issued an order on directing plaintiff to respond to defendant's motion no later than July 7, 2006 and warning plaintiff that his failure to file a response could result in the dismissal of his complaint. As of the date of this order, plaintiff has

not filed a response to defendant's motion.

The court concludes that dismissal of plaintiff's complaint is appropriate on the grounds that plaintiff has not responded to the motion to dismiss despite having ample opportunity to do so. In so holding, the court specifically concludes that certain aggravating factors present in this case outweigh the judicial system's strong predisposition to resolve cases on their merits. *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (prior to outright dismissal for failure to comply with local court rules, court must consider the degree of actual prejudice to the defendant; the amount of interference with the judicial process; and the culpability of the litigant).

Specifically, the court notes that plaintiff, as of the date of this order, has still not responded to defendant's motion to dismiss nor has he contacted the court in any way regarding the motion.[1] Plaintiff's failure to respond to the motion in any way and his failure to contact the court in any way demonstrates that his culpability is quite high. *Compare id.* (reversing district court's dismissal on uncontested motion where plaintiff mailed his response more than three days prior to the deadline, demonstrating "little or no culpability on his part in causing the delay") *and Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988) (plaintiff herself was not guilty of any dereliction where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once discovered, responded promptly). Moreover, in such circumstances, denying defendant's motion would interfere with the judicial process in terms of docket management and the need for a finality to litigation. In other words,

---

[1] In fact, it appears from the docket that plaintiff has moved his residence without providing the court or the post office with a forwarding address.

2

the court should not have to continue to manage this case on its docket when plaintiff himself has taken no initiative to keep the case on the court's docket.  *Compare Murray*, 132 F.3d at 611 (reversing district court's dismissal on uncontested motion where plaintiff's response to motion was received one day after the fifteen-day deadline and no prejudice to defendants could have resulted from this delay, nor could it have caused interference with the judicial process) *and Hancock*, 857 F.2d at 1396 (where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once discovered, responded promptly, defendant would not have been prejudiced in any legal or equitable sense by court's consideration of response and any inconvenience to the court was not so severe a burden as to justify dismissal).

For the foregoing reasons, the court grants defendant's motion to dismiss and to lift stay.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss and to lift stay (doc. 40) is granted and plaintiff's complaint is dismissed in its entirety.

**IT IS SO ORDERED.**

Dated this 11th day of July, 2006, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3